FILED
JOHN P. HEHMAN
CLERK

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

2014 DEC 24  AM 10: 59

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| Tiffany Blake,                                   ) | |
| )                                               | Case No. _____ |
| individually, and on behalf of all              ) | |
| others similarly situated,                      ) | Judge _____  'Judge Smith |
| )                                               | |
| Plaintiff,                                      ) | MAGISTRATE JUDGE KEMP |
| )                                               | |
| v.                                              ) | CLASS ACTION COMPLAINT |
| )                                               | |
| Time Warner Cable, Inc.                         ) | JURY DEMAND ENDORSED HEREON |
| 60 Columbus Circle                              ) | |
| New York, New York 10023,                       ) | |
| )                                               | |
|       and                                       ) | |
| )                                               | |
| Time Warner Cable Enterprises, LLC              ) | |
| 60 Columbus Circle                              ) | |
| New York, New York 10023,                       ) | |
| )                                               | |
| Defendants.                                     ) | |
| )                                               | |
| Also serve on Ohio statutory agent:             ) | |
| CT Corporation System                           ) | |
| 1300 East Ninth Street                          ) | |
| Cleveland, Ohio 44114                           ) | |
| )                                               | |
| Also serve on local office:                     ) | |
| Time Warner Cable                               ) | |
| 1015 Olentangy River Road                       ) | |
| Columbus, Ohio 43212-3148                       ) | |
| )                                               | |
| Also serve on New York statutory agent:         ) | |
| CT Corporation System                           ) | |
| 111 Eighth Avenue                               ) | |
| New York, New York 10011                        ) | |

## CLASS ACTION COMPLAINT

Plaintiff Tiffany Blake ("Plaintiff"), individually and on behalf of all others similarly

situated ("Plaintiffs" when referring to entire class), brings the following allegations against

Defendants Time Warner Cable, Inc. and Time Warner Cable Enterprises, LLC (hereinafter collectively referred to as "Time Warner"), based upon personal knowledge, investigation by her legal counsel, and upon information and belief where noted:

## I.    INTRODUCTION

1.    Plaintiff brings her action against Time Warner based upon violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by Time Warner and its present, former, and/or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities. Time Warner violated the TCPA, namely by contacting Plaintiff and other similarly situated individuals on their cellular telephones using an "automatic telephone dialing system" or "an artificial prerecorded voice" without their prior express consent within the meaning of the TCPA. *See* 47 U.S.C. § 227(a)(1) and 47 U.S.C. § 227(b)(1)(A), respectively.

2.    Despite never receiving express prior consent from Plaintiff, Time Warner has persisted to make collection calls to Plaintiff and those others similarly situated on their cellular phones. As of the date this Complaint was filed, Plaintiff has endured more than 150 collection calls to her cellular telephone from Time Warner, including more than 44 collection calls on her cellular telephone since the date that she reaffirmed to Time Warner that it lacked her consent to make collections calls to her cellular phone.

3.    The use of an "automatic telephone dialing system" and/or "an artificial or prerecorded voice" to contact Plaintiff and those other similarly situated on their cellular phones violates the TCPA. *See* 47 U.S.C. § 227(a)(1) and 47 U.S.C. § 227(b)(1)(A), respectively.

4.    As a result, Plaintiff brings this action for damages, including all legal and equitable remedies, resulting from Time Warner's conduct in violating the TCPA.

2

5.     In 1991, Congress passed the TCPA based upon the telemarketing industry's increasingly harassing and annoying practices, including, but not limited to, those with regard to collection practices.

6.     Among other practices, the TCPA restricts the use of automatic telephone equipment, also referred to as "autodialers." More specifically, the plain language of 47 U.S.C. § 227(b)(1)(A)(iii) prohibits the use of autodialers to any wireless number except in an emergency or with the prior express consent of the party being contacted on their wireless telephone.

7.     As Congress determined, automated or prerecorded telephone calls constitute a greater nuisance and burden to consumers than live solicitation calls, and such automated or prerecorded calls can be costly and inconvenient. In reaching its conclusions, the FCC observed that wireless customers may be charged for incoming calls whether they use pay-in-advance cellular telephones or merely because the minutes they have purchased are used. Based upon these findings and others, the FCC was vested by Congress with the authority to issue regulations implementing the TCPA.

8.     Nearly seven years ago, the Federal Communications Commission ("FCC") confirmed in a Declaratory Ruling that "prior express consent" is needed for creditors or those who call on behalf of creditors that use autodialed and prerecorded message calls to a cellular telephone number. In particular, the FCC's Declaratory Ruling chose to "emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Clarification and Declaratory Ruling")*, 23 F.C.C.R.

3

559, 564-65, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

9.      Under the TCPA and pursuant to the FCC's Declaratory Ruling cited in the foregoing Paragraph, it is a defendant's burden to demonstrate that a plaintiff gave prior express consent to receive a call on their cellular telephone within the meaning of the statute, and that consent, if given, was not withdrawn. *See id.* at 565.

## II.   FACTUAL ALLEGATIONS

10.     At all times relevant, Plaintiff resided in Franklin County, Ohio.  She is a "person," as defined by 47 U.S.C. § 153(39).

11.     Plaintiff originally contracted with Insight Communications until on or about September 20, 2012, when Time Warner took over her account.

12.     Since before Time Warner took over her account and still today, Plaintiff subscribed to services that included cable television, DVR, and HD services.

13.     Plaintiff from time to time has had bills become "past due," for which Time Warner initiated a series of "robo calls" upwards of 2-3 times per day in an effort to collect on any overdue payments.

14.     Most of Time Warner's telephone calls went to Plaintiff's voicemail on her cellular telephone before she initiated a call to Time Warner on August 4, 2014, in which she responded to prompts and eventually spoke with a Time Warner employee named "Brandon." "Brandon" informed her that the robo-calls were made with respect to past due amounts on her account.

15.     During Plaintiff's call with "Brandon" from Time Warner on August 4, 2014, she explicitly informed him that the call came to her cellular telephone.  She asked for the calls to

4

her cellular telephone to stop. She requested that "Brandon" remove her cellular number from Time Warner's call list.

16. "Brandon" also informed Plaintiff that the calls to her cellular telephone could only stop if she provided payment for the account. As a result, Plaintiff scheduled payment in the amount of $147.74 to be paid on August 27, 2014, under the belief that the collection calls to her cellular telephone would end.

17. In fact, Plaintiff asked "Brandon" to make a note that she asked for no further automatic calls to her cellular telephone. Instead, she asked for all communications to be made to her by mail.

18. "Brandon" explicitly told Plaintiff that he put in an extension so the calls to her cellular phone would stop.

19. Despite the assurance, the calls to Plaintiff's cellular telephone continued, as soon as August 15, 2014.

20. Since that time, Time Warner has continued to contact Plaintiff for collection purposes on her cellular telephone on all of the following dates:

- September 4, 2014, at 9:18am;

- September 8, 2014, at 9:19am;

- September 12, 2014, at 9:19am and 1:25pm;

- September 15, 2014, at 9:21am, 2:25pm, and 5:56pm;

- September 17, 2014, at 9:21am, 3:19pm, and 7:31pm;

- October 4, 2014, at 9:21am, 1:02pm, and 4:32pm;

- October 8, 2014, at 9:19am and 12:57pm;

- October 15, 2014, at 9:20am and 1:11pm;

5

- October 17, 2014, at 9:22am, 1:02pm, and 4:33pm;

- November 4, 2014, at 9:19am;

- November 8, 2014, at 12:50pm and 4:20pm;

- November 12, 2014, at 11:15am and 6:15pm;

- November 15, 2014, at 9:22am, 12:57pm, and 4:26pm;

- November 17, 2014, at 12:12pm;

- November 19, 2014, at 9:17am, 12:54pm, and 4:24pm;

- December 4, 2014, at 9:18am and 10:11am;

- December 8, 2014, at 9:18am, 12:51pm, and 4:21pm;

- December 12, 2014, at 12:51pm;

- December 15, 2014, at 11:08am and 2:48pm;

- December 17, 2014, at 9:18am; and,

- December 19, 2014, at 9:22am, 12:56pm, and 4:26pm.

21.    Beyond these collection calls, Plaintiff also received calls requesting her participation in surveys on the following dates, all of which occurred after she revoked consent to receiving automatic calls: October 22, 2014, at 6:28pm; October 28, 2014, at 9:27pm; and, November 4, 2014, at 5:34pm.

22.    Notably, Plaintiff has received at least 40 automatic calls after she added her cellular telephone number to the National "Do Not Call" Registry on September 19, 2014. The calls continue to this day.

23.    Based upon the facts alleged in this Complaint, all telephone contact made by Time Warner on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. §§ 227(a)(1).

6

24.     The telephone contact made by Time Warner to Plaintiff used "an artificial or prerecorded voice," as described in 47 U.S.C. § 227(b)(1)(A).

25.     The telephone number that Time Warner used to contact Plaintiff, which were made by an "automatic telephone dialing system" and/or with a "prerecorded voice" were assigned to a cellular telephone service, as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

26.     During the transactions that resulted in the debt owed, Plaintiff did not provide express consent to receive automated or prerecorded calls by Time Warner on her cellular telephone.  Plaintiff is unaware of any terms by which Time Warner operates based upon their assumption of her contract with Frontier Communications.

27.     Plaintiff never provided "prior express consent" allowing Time Warner to place telephone calls to her cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

28.     Even if Time Warner claims that Plaintiff did provide "prior express consent," she clearly and unequivocally revoked it during her call with "Brandon" from Time Warner on August 4, 2014.

29.     Time Warner did not make telephone calls to Plaintiff's cellular telephone "for emergency purposes," as described in 47 U.S.C. § 227(b)(1)(A).

30.     Consequently, Time Warner's telephone calls to Plaintiff's cellular telephone placed by an "automatic telephone dialing system" and/or utilizing an "artificial or prerecorded voice" for non-emergency purposes and in the absence of Plaintiff's prior express consent (or, alternatively, after it was revoked) violated 47 U.S.C. § 227(b)(1)(A).

## III.    JURISDICTION

31.     This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  The proposed class consists of 100 or more members and the aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of costs and interest, given that each class member of the proposed class numbering in the tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  In addition, at least one class member has diversity of citizenship from Time Warner because Plaintiffs allege a national class.  As such, both elements of diversity jurisdiction under CAFA can be proven, and this Court has jurisdiction.  Notwithstanding, this Court also has federal question jurisdiction under 28 U.S.C. § 1331.

32.     This Court has jurisdiction over Time Warner because it is registered to conduct business in Ohio, has sufficient minimum contacts in Ohio, or otherwise purposefully or intentionally avails itself of the markets within Ohio, through promotion, sales, marketing, and distribution of the services at issue in Ohio, to render the exercise of jurisdiction by this Court proper and necessary.

## IV.    VENUE

33.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.  Plaintiffs have purchased Time Warner's services in this District, and Time Warner has marketed, advertised, sold, and sold its services within this District.  Finally, venue is proper because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

8

## V.  PARTIES

### A.  Plaintiff Tiffany Blake

34.  Plaintiff Tiffany Blake is a resident of Franklin County, Ohio, as she was at all relevant times to the facts giving rise to her lawsuit.

### B.  Defendants

35.  Defendant Time Warner Cable, Inc. is a Delaware corporation with its headquarters in New York, New York, and registered to conduct business in all 50 states and the Southern District of Ohio, and the 100% owner of its subsidiary, Defendant Time Warner Cable Enterprises, LLC.

36.  Defendant Time Warner Cable Enterprises, LLC, is a Delaware corporation with its headquarters in New York, New York, and registered to conduct business in all 50 states and the Southern District of Ohio.

37.  At all times relevant to this suit, Time Warner was engaged in the business of providing cable television, telephone, and internet services in Ohio and throughout the United States.

## VI.  CLASS ALLEGATIONS

38.  Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (referred to as "the Class").

39.  Plaintiff proposes to represent a class consisting of all similarly situated individuals and subject to the following Class Definition:

> All persons within the United States who received non-emergency call(s) from Time Warner to a cellular telephone by an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction resulting in the debt owed or those who revoked such

9

prior express consent prior to any such calls to their cellular telephone.

All of the persons included within the Class Definition will be referred to as "Class members." Plaintiff represents and is a member of the Class. Excluded from the Class Definition are Time Warner and any entities in which Time Warner has a controlling interest, Time Warner's agents and employees, any Judge or Magistrate Judge to whom this case is assigned and any member of such Judges' and/or Magistrate Judges' staffs or immediate families, as well as claims for personal injury, wrongful death, and/or emotional distress.

40.    Time Warner holds itself out as being among the largest providers of video, high-speed data, and voice services in the United States, with technologically advanced, well-clustered cable systems located mainly in five geographic areas—New York (including New York City), the Carolinas, the Midwest (including Ohio, Kentucky, and Wisconsin), Southern California (including Los Angeles), and Texas. Time Warner represents that its mission is to connect its customers to the world—simply, reliably, and with superior service. As of December 31, 2013, Time Warner provided service to more than 14 million residential consumers. Even if only a small portion are in default at one time, Time Warner's practice of making collection calls on their cellular telephones is bound to involve thousands of its customers.

41.    Plaintiff and all Class members have been damaged by the acts of Time Warner.

42.    Plaintiff's and Class members' action seeks injunctive relief and money damages.

43.    Because of the size and relatively modest value of each individual claim, joinder of all Class members is impracticable. As a result, adjudication of Class members' claims as part of a class action will provide substantial benefit to the parties and also to the Court in avoiding a multitude of individual lawsuits against Time Warner.

44.    The Class can be easily identified through records maintained by Time Warner.

10

45. Well-defined, nearly identical questions of law and fact affecting all parties exist. The questions of law and fact involving class claims predominate over questions that may affect individual Class members. For example, those common questions of law and fact include, but are not limited to, the following:

a. Whether Time Warner made non-emergency calls to Plaintiff's and Class members cellular telephones using an automated telephone dialing system and/or artificial or prerecorded voice;

b. Whether Time Warner can meet its burden of showing it had prior express consent that is clearly and unmistakably stated during the transaction that resulted in the debt owed, and that such consent was in effect at all times during which such calls were made;

c. Whether Time Warner's conduct was knowing and/or willful for purposes of the TCPA;

d. Whether Time Warner is liable for damages, and the amount of such damages; and,

e. Whether Time Warner should be enjoined from engaging in such conduct going forward.

46. Plaintiff asserts that her claim is typical of each Class member's claim because they are all persons who received telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice, in the absence of their prior express consent under the TCPA. As a result, Plaintiff will fairly and adequately represent, protect, and advance the interests of the Class. She lacks any interests antagonistic to any member of the Class.

47. Plaintiff's counsel are experienced in handling class action claims involving violations of federal and state consumer protection statutes, with the TCPA being an example of such a statute.

48. A class action is the superior method for the fair and efficient adjudication of this controversy with regard to Plaintiff's and Class members' claims. Class wide relief is essential to compel Time Warner to comply with the TCPA. Class members have little interest in individually controlling and prosecuting their separate claims against Time Warner because the statutory damages for violations of the TCPA are relatively small when dealing with an entity the size of Time Warner, even if multiple violations are involved. On the contrary, these claims are more easily managed and should present fewer difficulties by using a class action because the calls at issue are automated and none of the Class members, by definition, provided the prior express consent under the TCPA to authorize calls to any of their cellular telephones.

49. Based upon Plaintiffs' experience and investigation by counsel, Time Warner has acted on grounds generally applicable to the Class members by violating the TCPA in the manner(s) alleged in this Complaint, which makes final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Based upon investigation by counsel and recent history with Time Warner, the Plaintiff and Class members believe that the TCPA violations complained of in this Complaint are substantially likely to continue in the future if this Court does not issue an injunction.

50. Even if Time Warner claims that Plaintiff and Class members have agreed to consumer arbitration clauses in their underlying contracts with Time Warner, such clauses are not enforceable to the claims because such provisions were not clearly and conspicuously

disclosed to Plaintiff and Class members and/or not included in their contracts in the first place and/or not included in any contracts assumed by Time Warner.

## VII. VIOLATIONS ALLEGED

### A. Claims Brought on Behalf of the Nationwide Class

### COUNT ONE
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*
### (Brought on behalf of the Nationwide Class)

51.     Plaintiff and Class members incorporate by reference all other allegations made in this Complaint as if fully rewritten here.

52.     As alleged throughout this Complaint, Time Warner's acts and omissions constitute numerous, multiple, and repeated knowing and/or willful violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

53.     Based upon Time Warner's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to receive treble damages of up to $1,500.00 for each and every call that violated the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

54.     Plaintiff and Class members are also entitled to receive and seek injunctive relief prohibiting future TCPA violations by Time Warner.

55.     Based upon this and all other violations, Plaintiff and Class members are also entitled to receive an award of attorneys' fees and costs.

### COUNT TWO
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*
### (Brought on behalf of the Nationwide Class)

56.     Plaintiff and Class members incorporate by reference all other allegations made in this Complaint as if fully rewritten here.

57.     All of the acts or omissions alleged by Plaintiff and Class members in this Complaint constitute numerous, multiple, and repeated violations of the TCPA. *See* 47 U.S.C. § 227 *et seq.*

58.     Based upon Time Warner's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 of statutory damages for each and every call that violated the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

59.     Plaintiff and Class members are also entitled to receive and seek injunctive relief prohibiting future TCPA violations by Time Warner.

60.     Based upon this and all other violations, Plaintiff and Class members are also entitled to receive an award of attorneys' fees and costs.

**B.      Claim Brought on Behalf of the Ohio Statewide Class**

**COUNT THREE**
**VIOLATIONS OF OHIO CONSUMER SALES PRACTICES ACT, OHIO REV. CODE §**
**1345.01 *et seq.***
**(Brought on Behalf of Ohio Statewide Class)**

61.     Plaintiff and Class members incorporate by reference all other allegations made in this Complaint as if fully rewritten here.

62.     Based upon its behavior in attempting to collect a debt in this manner, Time Warner's acts and/or omissions constitute knowing, unfair, deceptive, and unconscionable sales practices, prohibited by Ohio Rev. Code § 1345.02 and § 1345.03, which have directly resulted in damages to Plaintiff and Class members.

63.     Time Warner is a supplier, as defined in the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01.

64.     At all times relevant to this suit, Plaintiff and Class members were "consumers," as defined in the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01.

14

65.     The conduct involved occurred with regard to a consumer transaction, as defined by Ohio Rev. Code § 1345.01(A).

66.     Time Warner committed unfair, deceptive, and unconscionable practices prohibited by Ohio Rev. Code § 1345.02 and § 1345.03.

67.     The claims set forth in this Complaint are subject to all determinations by Ohio courts found in the Ohio Public Inspection File as of the date the acts and/or omissions of Time Warner. Such cases include, but are not limited to, the following:

   a.   *Culbreath v. Golding Enter., L.L.C.*, 872 N.E.2d 284 (Ohio 2007) (OPIF #10002471);

   b.   *Charvat v. Direct Connect Digital, Inc.*, No. 03 CVH-05-5265, Franklin Cty. Ct. C.P., Oct. 6, 2003 (OPIF #10002191);

   c.   *Charvat v. Continental Mortg. Servs.*, No. 99CVH12-10225, 2002 WL 1270183 (Ohio Ct. C.P. June 1, 2000) (OPIF #10001882);

   d.   *State ex rel. Celebrezze v. Creditors Multi Sys., Inc.*, No. 89-337, Stark Cty. Ct. C.P., Feb. 27, 1989 (OPIF #18337); and.

   e.   *State ex rel. Celebrezze v. Livingwell (Midwest), Inc.*, No. 88 CV 107069, Franklin Cty. C.P. Ct., Oct. 17, 1988 (OPIF #107069).

To the extent that additional cases become known to Plaintiff and/or are added to the Ohio Public Inspection File, they will be promptly disclosed to Time Warner.

68.     Based upon its acts and/or omissions, Time Warner is liable to Plaintiffs and Class members for damages under Ohio Rev. Code § 1345.09 based upon its behavior in attempting to collect a debt through these means.

15

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Nationwide and Ohio State Class she respectively seeks to represent, as proposed in this Complaint, respectfully requests that the Court enter judgment in her/their favor and against Time Warner, as follows:

1. certification of the proposed Nationwide and Ohio State Class under Fed. R. Civ. P. 23, including appointment of Plaintiffs' counsel as Class Counsel;

2. an order temporarily and permanently enjoining Time Warner from continuing the unfair business practices alleged in this Complaint;

3. injunctive relief prohibiting future TCPA violations by Time Warner;

4. costs, restitution, damages (including treble), including punitive damages, and disgorgement in an amount to be determined at trial;

5. an order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

6. an award of costs and attorneys' fees; and,

7. such other or further relief as may be appropriate.

16

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims so triable.

Mark H. Troutman (0076390)
**ISAAC WILES BURKHOLDER & TEETOR, LLC**
*One of the Attorneys for Plaintiff and putative Class*

Respectfully submitted,

Mark H. Troutman (0076390)
Gregory M. Travalio (0000855)
**ISAAC WILES BURKHOLDER & TEETOR, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215
(614) 221-2121 (telephone)
(614) 365-9516 (facsimile)
mtroutman@isaacwiles.com
gtravalio@isaacwiles.com

Andy List per authority to MHT /0076390
D. Andrew List (0052734)
Glen Pritchard (0040453)
**CLARK, PERDUE & LIST CO., LPA**
471 East Broad Street, Suite 1550
Columbus, Ohio 43215
(614) 460-1604 (telephone)
(614) 469-1100 (facsimile)
alist@clarkperdue.com
gpritchard@clarkperdue.com

*Attorneys for Plaintiff and putative Class*

17